UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

TRACY STEHLIN,

    Plaintiff,

v.

FIAT CHRYSLER AUTOMOBILES,

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Tracy Stehlin (hereinafter "Plaintiff"), by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.     Plaintiff, Tracy Stehlin, is a resident of the City of Sterling Heights, County of Macomb and State of Michigan.

2.     Defendant, Fiat Chrysler Automobiles (hereinafter "FCA") is a corporation whose registered address is 1000 Chrysler Dr., Auburn Hills, Michigan

48326, and is duly authorized to do business in the County of Oakland and the State of Michigan.

3. The events producing the original injury occurred in the County of Oakland, State of Michigan and Jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

5. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Tracy Stehlin, is a female who began her employment with the FCA in November 2018, as a Skilled Trades Electrician.

8. Shortly after beginning her employment, Plaintiff began to experience sexual harassment due to her sex.

9. Plaintiff was denied training as mandated by the union agreement, while men hired on or about the same time as her were sent out for appropriate training.

10. Plaintiff was subjected to a hostile work environment on the basis of her sex.

11. In December 2018, Plaintiff's supervisor, Mike Davis, showed her photos of a man's naked body over her repeated objections, which Plaintiff believed was his own.

12. Throughout December 2018 and January 2019, Davis sent text messages demanding sexual favors and that Plaintiff have sex with him. Plaintiff repeatedly refused to comply with these requests.

13. Plaintiff was subjected to extreme hostility by Davis and he began tormenting her at work.

14. After Plaintiff spoke to HR about the actions of Davis and he was fired, other members of the plant's management team began to retaliate and treat Plaintiff with extreme hostility. Davis was close friends with the rest of the management team.

15. Other employees and supervisors left rude notes, junk, and debris on the Plaintiff's work station after Davis was fired.

16. On another occasions, an employee yelled at her and treated Plaintiff with extreme harshness in retaliation for her complaints against Davis in front of various supervisors. Plaintiff's supervisors did not take any action or reprimand this employee in any way.

17. In December 2019, Plaintiff, in accordance with company policy, notified her new supervisor, Joe Boden, that she would be four hours late due to a court appearance.

18. Boden marked her unexcused.

19. In another instance, Plaintiff was assigned to hang a 12-foot pipe by herself which was commonly known to be a two-person job.

20. In March 2020, Plaintiff was re-assigned to supervisor Karl Schlompe. Schlompe was friends with the co-worker of Plaintiff that had yelled at her and treated her harshly.

21. Schlompe assigned her more than a normal load for one person under the UAW standard.

22. When Plaintiff explained to Schlompe that this was not a normal workload for one person, he antagonized her.

23. In September 2020, Schlompe called HR on the plaintiff for a tardy designation Plaintiff had from the previous week.

24. HR sat down with Plaintiff in the "fishbowl" area in the front of the building. This area is enclosed only by windows and is in an extremely visible area. With these actions, HR intentionally and knowingly humiliated Plaintiff in front of other employees.

25. The repeated harsh actions from multiple supervisors and other employers caused severe anxiety and digestive issues to Plaintiff.

26. In October 2020, Plaintiff sought medical help as a result of these significant health issues, due to her sex and retaliation for complaints of sex harassment.

27. Plaintiff was prescribed anxiety medication as a result of these significant health issues.

28. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was their employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

29. At all times relevant, Plaintiff was acting as an employee.

30. Defendant, through their agents, representatives and employees, were predisposed to discriminate against Plaintiff and harass Plaintiff on the basis of her sex and for reporting her first supervisor Mike Davis.

31. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

32. Plaintiff has filed a Charge of Discrimination under Title VII with the EEOC and has been advised a Right to Sue letter has been issued, but is yet to receive it.

## COUNT I
## SEX DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, et seq.

33. Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

34. Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, Et Seq. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

35. FCA is Plaintiff's "employer" within the meaning of Title VII and the Michigan Elliott-Larsen Civil Rights Act,

36. Defendant violated Title VII and the Michigan Elliott-Larsen Civil Rights Act by not affording her the same worker training as was given to male employees.

37. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex.

38. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to constant unwelcome sexual harassment creating a hostile work environment for Plaintiff.

39. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff

40. Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees.

41. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

42. As a proximate result of the unwelcome treatment due to her sex by representatives and employees of Defendant because of Plaintiff's sex, and Defendant's failure to take remedial action against the conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, digestive problems, mental anguish, fright, shock, embarrassment, humiliation, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other benefits and a loss of capacity for the enjoyment of life.

43. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et*

*seq*. as a result of each and every violation of the act, including costs and reasonable attorney fees a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

44. Defendants' sexual harassment of Plaintiff creating a hostile work environment was especially malicious or reckless act of discrimination and Plaintiff is entitled to punitive damages

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

45. Plaintiff incorporates by reference paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Plaintiff engaged in a protected activity under Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq*.

47. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and Plaintiff's sex/gender.

8

48. Defendant was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

49. Defendant's agents and employees took adverse actions against Plaintiff in retaliation for her complaints of sexual harassment concerning her supervisor Mike Davis who sexually harassed her.

50. After Plaintiff's incident with supervisor Mike Davis and his subsequent firing, Defendant's agents' and employees' actions towards Plaintiff were increasingly hostile in retaliation for her complaint against Davis.

51. Despite having notice of the retaliatory discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action against Plaintiff's supervisors and other employees.

52. The retaliation by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

53. As a proximate result of the Defendant's failure to take remedial action against its agents and employees, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, digestive issues, mental anguish, fright, shock, embarrassment, humiliation, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

54. Defendants' failure to take remedial action against its agents and employees and the creation of a hostile work environment was an especially malicious or reckless act of discrimination and Plaintiff is entitled to punitive damages.

55. WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

        Respectfully submitted,

        **BATEY LAW FIRM, P.L.L.C.**

    BY: /s/Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, MI  48025
        (248) 540-6800
        sbatey@bateylaw.com

Dated:  May 18, 2021

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Tracy Stehlin, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                                    Respectfully submitted,

                            **BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
      SCOTT P. BATEY (P54711)
      Attorney for Plaintiff
      30200 Telegraph Road, Suite 400
      Bingham Farms, MI  48025
      (248) 540-6800
      sbatey@bateylaw.com

Dated:  May 18, 2021